UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE AMASON, | No. 2:12-cv-0388 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. WEDELL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights action filed pursuant to 42 U.S.C. § 1983. This order addresses various requests filed by plaintiff and a motion to compel filed by defendant Ma.

Request for Time to Oppose Defendant's Answer

Plaintiff filed a request for an extension of time to file a brief in opposition to defendant's answer. (ECF No. 33.) Plaintiff is advised that he is not required to file an opposition to defendant's answer. See Fed. R. Civ. P 7(a)(7). Accordingly, plaintiff's request for additional time to oppose defendant's answer is denied, as no response is required.

Plaintiff's Inquiry to the Court

In his request for additional time, plaintiff inquired as to whether he should respond to all documents filed by defendant or if he should wait for the court to order him to respond. (ECF No. 33 at 2.) Plaintiff is advised that the court will generally not issue an order directing plaintiff

to respond to documents filed by defendant, unless plaintiff has missed the deadline for filing his response. In other words, plaintiff should not wait for the court to order plaintiff to file a response. If, for example, defendant files a motion to compel discovery or a motion for summary judgment, plaintiff should file his response with the court without waiting for the court to direct him to do so.

### Plaintiff's Request for Reissuance of Documents and Extension of Time

Plaintiff has filed a "request for reissuance of documents." (ECF No. 34.) Plaintiff explains that on March 13, 2016, prison staff removed and discarded an envelope containing plaintiff's legal materials. (See id. at 1.) Plaintiff requests that the court reissue "special interrogatories, set one" and "request for production of documents." (Id.) Plaintiff requests a sixty-day extension of time to "re-prepare" his responses. Plaintiff explains that he requires additional time because he must "get more supporting documents that are now missing or trashed." (Id.) Plaintiff appears to be referring to medical records and administrative appeals related to the exhaustion of administrative remedies.

Plaintiff's request was constructively filed on March 16, 2016.[1] On March 28, 2016, defense counsel mailed plaintiff a letter regarding plaintiff's failure to respond to defendant's discovery requests, and provided plaintiff with copies of both sets of discovery requests. (See ECF No. 35-3 at 7.) As it appears that plaintiff now has copies of the request for production of documents and interrogatories, set one, plaintiff's request for "re-issuance" of these documents is denied as moot.

To the extent plaintiff requests additional time to serve his responses to defendant's interrogatories, set one, plaintiff's request will be granted. Plaintiff shall have thirty days from the filing date of this order to respond to defendant's discovery requests.

### Defendants' Motion to Compel and Request to Modify the DSO

On April 28, 2016, defendant filed a motion to compel plaintiff to respond to defendant's interrogatories, set one. (ECF No. 35.) Defendant explains that defendant granted plaintiff an

---

[1] Because plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

1   extension of time until April 27, 2016 to respond to defendant's discovery requests.  (ECF No.
2   35-2 at 2.)  Defendant has received plaintiff's responses to defendant's request for production of
3   documents, but has not yet received plaintiff's responses to interrogatories, set one.  (ECF No. 35-
4   2 at 1-2.)  In light of the extension of time granted above, defendant's motion to compel is denied
5   as moot.  The denial shall be without prejudice the re-filing of defendant's motion should plaintiff
6   fail to serve his discovery responses on defendant within thirty days of the date of this order.

    Defendant also requests that the discovery and pretrial motion deadlines be extended to
    permit defendant sufficient time to receive plaintiff's written discovery responses and to take
    plaintiff's deposition.  Good cause appearing, defendant's request will be granted.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for an extension of time to oppose defendant's answer (ECF No. 33) is denied.

    2. Plaintiff's motion for an extension of time and request for "re-issuance of documents" (ECF No. 34) is granted to the extent that plaintiff shall be given additional time to respond to defendant's discovery requests.  In all other respects, the motion is denied.

    3. Plaintiff shall serve his responses to defendant's interrogatories, set one, within thirty (30) days of the filing date of this order.

    4. Defendant's motion to compel discovery (ECF No. 35) is denied without prejudice.

    5. Defendant's request to modify the discovery and scheduling order (ECF No. 35 at 4-5) is granted.

    6. The January 26, 2016 discovery and scheduling order (ECF No. 32) is hereby amended as follows.  The parties may conduct discovery until August 26, 2016.  Any necessary motions to compel should be filed by that date.  All pretrial motions, except motions to compel discovery, shall be filed by November 11, 2016.

    7. In all other respects, the January 26, 2016 order remains in effect.

Dated:  May 5, 2016

TS/amas0388.amd.dso

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3